IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-343-D(1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT CARL STOKES, | ) | |
| | ) | |
| Defendant. | ) | |

On June 23, 2009, defendant Robert Carl Stokes ("defendant" or "Stokes") filed a motion to compel the government's production of the grand jury testimony of defendant's mother, Vera Stokes [D.E. 54]. On June 26, 2009, the government submitted, under seal, Vera Stokes' grand jury testimony — the evidence defendant sought to compel [D.E. 57]. The purpose of the government's filing was for the court to determine in camera if the government's nondisclosure was consistent with the government's duties under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny [D.E. 57]. The government contends that the grand jury testimony is not material and not exculpatory; therefore, the government is under no obligation to disclose it to defendant.

On July 29, 2009, defendant filed a notice of an apparent uncontested motion in reference to his June 23, 2009 motion to compel [D.E. 85]. Defendant noted the lack of a government response in opposition. Also on July 29, 2009, defendant filed a motion to unseal the document that the government filed at docket entry 57 [D.E. 86]. Finally, on July 29, 2009, defendant filed a motion to compel the production of an unredacted memorandum of the Kenneth Kelly interview [D.E. 87].

On July 31, 2009, the government filed a motion to summarily dismiss defendant's two July

29, 2009 motions as untimely filed [D.E. 88]. Also on July 31, 2009, the government responded to defendant's notice of apparent uncontested motion, contended that the underlying motion to compel was not yet ripe, and noted that it intended to respond to the motion to compel by August 24, 2009 [D.E. 89]. As explained below, the court denies defendant's motion to compel Vera Stokes' grand jury testimony and grants the government's motion to dismiss defendant's July 29, 2009 motions as untimely.

I.

On July 9, 2009, the court entered an order extending the pretrial schedule so that all pretrial motions were due no later than July 24, 2009, and responses are due on August 24, 2009 [D.E. 59]. Defendant filed his motion to unseal [D.E. 86] and his motion to compel the production of an unredacted memorandum of the Kenneth Kelly interview [D.E. 87] on July 29, 2009. Defendant's motions are untimely, and defendant has failed to show cause for the court to consider them. Accordingly, the court grants the government's motion to dismiss [D.E. 88] and denies defendant's July 29, 2009 motions filed [D.E. 86, 87] as untimely.[1]

Next, the court considers defendant's motion to compel Vera Stokes' grand jury testimony. On June 26, 2009, the government submitted, under seal, Vera Stokes' grand jury testimony [D.E. 57].[2] The government sought an in camera review of the grand jury testimony, argued that the grand jury testimony was not material and not exculpatory, and asked the court to deny the motion to compel the testimony's production. Accordingly, contrary to defendant's conclusion in its notice of apparent uncontested motion [D.E. 85], the government has contested defendant's motion to

---

[1] Alternatively, the court would deny defendant's motion to unseal the document [D.E. 86] because it contains grand jury testimony, which, as this court concludes infra, is not material and not exculpatory.

[2] The court grants the government's motion for leave to file documents under seal [D.E. 56].

2

compel. Because the documents were sealed, defendant would not have been able to ascertain the government's position from its review of the docket and therefore cannot be faulted for filing the notice.

After reviewing the grand jury testimony in camera, the court agrees with the government that the testimony is not material and not exculpatory. Additionally, the government states that it has no intention at this point to call Vera Stokes to testify at trial. If it did, the government understands its obligation under the Jencks Act and would produce the grand jury testimony after the witness' direct examination. See 18 U.S.C. § 3500. Accordingly, the court denies defendant's motion to compel production of Vera Stokes' grand jury testimony [D.E. 54].

## II.

As explained above, the government's motion to dismiss [D.E. 88] is GRANTED, and defendant's motion to unseal the document [D.E. 86] and his motion to compel the production of an unredacted memorandum of the Kenneth Kelly interview [D.E. 87] are DENIED as untimely. The government's motion for leave to file documents under seal [D.E. 56] is GRANTED. Finally, defendant's motion to compel the production of Vera Stokes' grand jury testimony [D.E. 54] is DENIED.

SO ORDERED. This 5 day of August 2009.

JAMES C. DEVER III
United States District Judge