

FILED
ON 1-14-2011
Dennis P. Iavarone, Clerk
US District Court
EDNC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CR-343-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT CARL STOKES | ) |

**FINAL ORDER OF FORFEITURE**

WHEREAS, on October 21, 2009, this Court entered a Preliminary Order of Forfeiture pursuant to the provision of 18 U.S.C. § 982(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461, and 18 U.S.C. § 982, based upon the defendant pleading guilty to 18 U.S.C. §§ 371 and 1956(h), and agreeing to the forfeiture of the property listed in the October 2, 2009 Preliminary Order of Forfeiture, to wit:

**Currency:**

$56,000.00 in U.S. currency which was seized during the search conducted at 3621 Airport Boulevard, Wilson, North Carolina on November 16, 2008, and currently held in escrow with the United States Department of Treasury, or equivalent value; and

**Real Property:**

A) 926 Brookside Drive, NW, Wilson, North Carolina 27893, as more particularly described in Book 1751, Page 658 of the Wilson Counsel Registry, and being titled in the names of Robert C. Stokes and wife, Robin N. Stokes;

B) 3621 Airport Boulevard, Wilson, North Carolina 27896, as more particularly described in Book 1811, page 470 of the Wilson County Registry, and being titled in the names of Robert Carl Stokes and wife, Robin Noble Stokes;

C) 204 Moonlight Drive, Atlantic Beach, North Carolina 28512, as more particularly described in Book 899, page 595 of the Carteret County Registry, and being titled in the names of Robert C. Stokes and wife, Robin N. Stokes.

D) 105 Aycock Street, Black Creek, North Carolina, as more particularly described in Book 1633, Pages 525-526 of the Wilson County Registry, and being titled in the names of Robert C. Stokes and wife, Robin N. Stokes; and

E) 107 Aycock Street, Black Creek, North Carolina, as more particularly described in Book 1633, Pages 525-526 of the Wilson County Registry, and being titled in the names of Robert C. Stokes and wife, Robin N. Stokes;

**Commissions:**

Any and all commissions on all property and liability insurance sold by The Hallmart Agency, Inc., and to be received by Robert Carl Stokes pursuant to any sale agreements involving the businesses of the Hallmart Agency, Inc.; including but not limited to payments to be made pursuant to a Stock Purchase Agreement dated September 21, 2007, between Carl Stokes and The

Blease Company, Inc., or the equivalent value of all such commissions;

**Commissions:**

Any and all commissions on all property and liability insurance to be paid by Gilman Insurance Services, Inc. to The Blease Company, Inc., pursuant to an Asset Purchase Agreement dated September 21, 2007, between Gilman Insurance Services, Inc. and The Hallmart Agency, Inc., and any subsequent agreements, whether written or oral, directing payments to The Blease Company, Inc. Said commissions include those payments deemed to be substitute assets pursuant to the Court's Order of December 24, 2008. (D.E. 22). Said commissions subject to forfeiture includes currency in the amount of $260,306.61, currently held in escrow by the United States Department of Treasury pursuant to that Court Order, or the equivalent value of all such commissions; and

**Personal Property:**

A Ford F-150, white truck, VIN: 1FTPW14V77FA23338;

AND WHEREAS, the United States published notice of this forfeiture at the www.forfeiture.gov web site for at least 30 consecutive days, between November 3, 2009 and December 2, 2009, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions. Said published notice advised all third parties of their right to

petition the court within sixty (60) days from the first day of the publication date for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property;

AND WHEREAS, on November 11, 2009, Robin N. Stokes filed a petition as to her interest in the subject real properties. On May 10, 2001, a Settlement Agreement was filed with the Court whereby the United States and Robin N. Stokes agreed that Petitioner, Robin N. Stokes, has an interest in the real properties which are subject to this criminal forfeiture action. Robin N. Stokes agreed to pay to the United States the sum of $50,000, payable on execution of the settlement, in lieu of the forfeiture of the subject real properties to the United States. The parties agreed that the $50,000 is to be forfeited and disposed of by the United States Department of the Treasury according to law. Upon entry of an Order by the Court approving this settlement agreement, the United States agreed to execute non-warranty deeds and convey all its interest in the subject real properties to Robin N. Stokes;

AND WHEREAS, on November 12, 2009, Blease Company, Inc. filed a petition as to its interest in the subject personal property, a Ford F-150, white truck, specifically described above at ¶ 1, and then on February 17, 2010, Blease Company, Inc. filed a withdrawal of its petition with the Court;

AND WHEREAS, on November 25, 2009, The Heritage Bank filed a petition as to its interest in the subject real properties specifically described above at ¶¶ 1.A and 1.B;

AND WHEREAS, on January 4, 2010, Vera Stokes filed a petition as to her interest in the subject real properties specifically described above at ¶¶ 1.D and 1.E;

AND WHEREAS, it appears from the record that no other claims, contested or otherwise, have been filed for the property described in this Court's October 21, 2009 Preliminary Order of Forfeiture, other than those specifically mentioned herein;

It is HEREBY ORDERED, ADJUDGED and DECREED:

1. That the May 10, 2010 Settlement Agreement between the United States and Robin N. Stokes is approved. The $50,000 paid by Robin N. Stokes pursuant to the May 10, 2010 Settlement Agreement, and the currency and other personal property listed in the October 21, 2010 Preliminary Order of Forfeiture are hereby forfeited to the United States. The United States Department of Treasury is directed to dispose of the property according to law.

2. That the United States shall forthwith convey its interest in the real property to Robin Stokes by non-warranty deed. As the real property will not be forfeited, the interests of petitioner-lienholders The Hertiage Bank and Vera Stokes need not be addressed by this action, as they are uneffected.

5

3. That any and all forfeited funds shall be deposited by the United States Department of Treasury as soon as located or recovered into the Department of Treasury's Assets Forfeiture Fund in accordance with 28 U.S.C. § 524(c) and 21 U.S.C. § 881(e).

The Clerk is hereby directed to send copies of this Order to all counsel of record.

SO ORDERED this __14__ of day __January__, ~~2010.~~ 2011.

_____
JAMES C. DEVER, III
UNITED STATES DISTRICT JUDGE

N:\BHartley\afcrim.dir\Stokes final order.wpd